ROBERT W. GLEASON, RESPONDENT, *v.* JAMES W. SMITH, APPELLANT.

34h 547.
163a 101
34h 547
63ad273
34h    547
h 82 A.D²596

*Settlement of a case—when an order denying a motion for a resettlement is appealable.*

Upon the trial of this action the court excluded all evidence to be offered by the defendant in support of a counter-claim set up in his answer. A motion to have the case resettled and to have the ruling of the court excluding such evidence, and the exception of the defendant thereto, inserted, was denied:
*Held,* that this was error.

That as the right of the party to review the action of the court below was absolute, so also was his right to have a complete and accurate statement of the matters determined against him set forth in the case, and that as this was a substantial right, an order affecting it was appealable.

*Tweed* v. *Davis* (1 Hun, 252) distinguished.

APPEAL from an order denying a motion to resettle a case.

*J. Noble Hays,* for the appellant.

*Charles F. Wells,* for the respondent.

DANIELS, J.:

It was urged in support of the appeal that the case had been defectively settled in two material respects. But it is only important to consider the manner in which the court announced its decision to be, that all evidence should be excluded that was to be offered in support of the counter-claims alleged in the answer, on the ground that no agreement to repair the machinery had been set forth. That this announcement was made is stated in the affidavits in support of the motion, and it was not denied by any proof whatever produced on behalf of the plaintiff. It is to be assumed, therefore, that it was made as it has been alleged to have been on behalf of the defendant. This announcement was in effect a decision excluding

the proof which immediately preceding it had been offered by the defendant to show that the machinery had broken down, and all other evidence which might be proposed to be given to prove the counter-claim set forth in the answer. It was virtually, therefore, a decision excluding all evidence which might be offered in support of this part of the defendant's defense. And as an exception was taken to it, the case could not otherwise present the defendant's rights than by making this decision a part of it. If it was made, as it is stated in the affidavits, then the motion should have resulted in an order directing a resettlement of the case so far as to allow it to be inserted.

That an appeal may be taken from the order follows from the language of subdivision 4 of section 1347 of the Code of Civil Procedure. For that has provided for an appeal from an order in all cases where it shall affect a substantial right. And it is a substantial right of a party making a case to review the trial and disposition of an action, that the evidence or facts, and the rulings made upon either, to which exceptions may have been taken, shall be inserted in and made a part of the case. In no other way can the decision of the court, before which the trial takes place, be reviewed or corrected where an error may have intervened to the prejudice of the defeated party. As the right of review is absolute, so must be also the right to have a complete and accurate statement of the matters determined against the party, which it is the object of the reconsideration to review and correct.

No discretion over this subject is vested in or allowed to a judicial tribunal. But the party complaining of the result of the litigation is absolutely entitled to have such a statement made of the proceedings drawn in question by him as will enable him to secure an intelligent and effectual reconsideration of what may have taken place. The case differs in the manner in which it has been here presented from that of *Tweed* v. *Davis* (1 Hun, 252). There the application was for a writ of *mandamus*, which, it was held, could not be issued for the purpose of producing changes in the settlement of the case. The proceeding there invoked was not appropriate to that object. While here the course pursued was that which has been sanctioned by the settled practice, and as it resulted in an order adversely to the defendant and deprived him of the statement in the case which

according to the affidavits, he appears to have been entitled to have inserted, it was regular for him to appeal from the order and thereby secure a review of it by the General Term. No right can well be more substantial than that of a party to a complete and accurate statement of the proceedings through which he asserts that he has been unlawfully defeated in his suit or his defense. And to secure its observance this general right of appeal has been given by this section of the Code. As the facts were shown the defendant was entitled to have this additional statement at least made to the case, showing that there had been a ruling, to which he had excepted, excluding all the evidence which might be offered in his behalf to prove his counter-claims.

The order should be reversed and an order entered directing a resettlement of the case in this respect and making the addition proposed to be made, provided the decision, as it has been stated, was in fact made upon the trial, but without costs to either party.

DAVIS, P. J., concurred.

BRADY, J. :

I concur, inasmuch as there is no dispute about the facts.

Order reversed ; order to be entered as directed in opinion, without costs to either party ; order to be settled by DANIELS, J.